UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| MAURICE JASON SINKFIELD, | |
| Petitioner, | Civil Action No. 5: 22-CV-034-CHB |
| v. | |
| WARDEN D. PAUL, | **MEMORANDUM OPINION AND ORDER DENYING PETITION AS MOOT** |
| Respondent. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Maurice Jason Sinkfield is a federal prisoner who is currently confined at the Federal Medical Center ("FMC")-Lexington located in Lexington, Kentucky.  Proceeding without an attorney, Sinkfield has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the calculation of his sentence by the Bureau of Prisons ("BOP"). [R. 1]  The Respondent has filed his response to the petition [R. 11] and Sinkfield has filed a reply to the response.  [R. 12]  Thus, this matter is ripe for review.

As set forth by Respondent (and not disputed by Sinkfield), on November 5, 2012, Sinkfield was sentenced to a term of imprisonment of 4 years by the Cuyahoga County (Ohio) Common Pleas Court in Case No. CR-12-564071.  [R. 11]  He remained in custody serving and receiving credit against this sentence until December 1, 2014, when he was released to community control.

On March 21, 2016, Sinkfield committed the federal crime of assault with a deadly and/or dangerous weapon on an officer/employee of the United States.  On April 3, 2016,

Sinkfield was arrested for violating his release condition in Cuyahoga County Common Pleas Case No. CR-12-564701.

On April 5, 2016, a criminal complaint was filed in the United States District Court for the Northern District of Ohio charging Sinkfield with assault on an officer/employee of the United States in violation of 18 U.S.C. § 111(a)(1) and use of a deadly or dangerous weapon in commission of assault on an officer/employee of the United States in violation of 18 U.S.C. § 111(b). *See United States v. Sinkfield*, No. 1:16-cr-146-DCN (N.D. Ohio 2016) at R. 1. Because Sinkfield was in the custody of the Cuyahoga County Sheriff's Office, a writ of habeas corpus *ad prosequendum* was issued by the federal court on April 5, 2016. *Id*. at R. 5. On April 6, 2015, Sinkfield was transferred into temporary federal custody pursuant to the federal writ, but was returned to state custody on April 8, 2016. [R. 11]

On May 4, 2016, a federal grand jury issued an Indictment formally charging Sinkfield with one count of assault with a deadly and/or dangerous weapon on two officers of the United States in violation of 18 U.S.C. § 111(a)(1) and (b) (Count 1), one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 2), and one count of being a domestic violence offender in possession of a firearm in violation of 18 U.S.C. § 922(g)(9) (Count 3). *United States v. Sinkfield*, No. 1:16-cr-146-DCN (N.D. Ohio 2016) at R. 17. On June 7, 2017, a federal jury found Sinkfield guilty of Count 1, but was unable to return a verdict on Counts 2 and 3, which were later dismissed. *Id*. at 73, 97.

On November 6, 2017, Sinkfield's community control sanctions were terminated by the Cuyahoga County Common Pleas Court and the balance of Sinkfield's original four-year state sentence was reinstated. [R. 11]

On November 13, 2017, Sinkfield was sentenced in federal court to a term of imprisonment of 110 months as to Count 1, to run consecutively to Sinkfield's State sentence imposed. *United States v. Sinkfield*, No. 1:16-cr-146-DCN (N.D. Ohio 2016) at R. 97, 98. After his federal sentencing, Sinfield was returned to state custody for service of his Ohio sentence. [R. 11] On May 2, 2019, Sinkfield was released from the custody of Ohio officials to federal authorities for the service of his federal sentence. [*Id.*]

The Sentence Monitoring Computation Data Sheet prepared by the BOP that is attached to Sinkfield's § 2241 petition commences Sinkfield's federal sentence on May 19, 2019, and does not give Sinkfield any prior custody credit. [R. 1-4] According to this computation, Sinkfield's projected release date is May 18, 2027. [*Id.*]

In his § 2241 petition, Sinkfield seeks a total of 598 days of credit on his federal sentence. Sinkfield first seeks 581 days of prior custody credit for his time in custody from April 3, 2016, through November 5, 2017. [R. 1 at p. 5-7] According to Sinkfield, on November 6, 2017, the Cuyahoga County Court of Common Pleas revoked his community placement and ordered him to serve the balance of his original state sentence. [*Id.*] Thus, although he was in custody from April 3, 2016, through November 5, 2017, he did not receive credit towards his state sentence for this time.

Sinkfield further states that, although the BOP's computation commences his federal sentence on May 19, 2019, he actually completed his Ohio sentence and was released to federal authorities to serve his federal sentence on May 2, 2019. [*Id.* at p. 5] Thus, Sinkfield argues that his federal sentence should commence on May 2, 2019, entitling him to an additional 17 days of credit for his time in custody from May 2, 2019, through May 19, 2019.

3

Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is determined 18 U.S.C. § 3585, which provides as follows:

> (a)   A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

> (b)   A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

> (1)   as a result of the offense for which the sentence was imposed; or

> (2)   as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

> that has not been credited against another sentence.

18 U.S.C. § 3585.

In his Response, Respondent states that, following receipt of information from the Ohio Department of Rehabilitation and Correction and a review of Sinkfield's federal sentence computation, it has been determined that Sinkfield is entitled to 582 days of pre-custody credit that has not been credited against his federal sentence, representing his time in custody from April 3, 2016, through November 5, 2017, which was not credited against his state sentence.  [R. 11 at p. 2; R. 11-1 at p. 3, ¶ 9]  In addition, Sinkfield's sentence computation has been updated to commence his federal sentence on May 2, 2019, the date that state authorities released him to exclusive federal custody.  Attached to the Response is an updated sentence computation that credits Sinkfield with 582 days of prior credit time for his time in custody from April 3, 2016, through November 5, 2017, and commences his federal sentence on May 2, 2019.  [R. 11-1 at p. 7]  According to this new computation, Sinkfield's updated projected release date is now

4

September 26, 2025.  [*Id.*]  Thus, according to Respondent, because Sinkfield has received the sentence credits that he sought in his § 2241 petition, there is no longer a case or controversy in dispute, thus his § 2241 must be dismissed as moot.

Under Article III of the United States Constitution, the judicial Power of the federal courts extends to "Cases" and "Controversies."  U.S. Const. art. III, § 2, cl. 1  This requirement limits the federal courts' jurisdiction to addressing suits with a "real and substantial controversy admitting of specific relief through a decree of a conclusive character."  *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (citation omitted).  Thus, "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them."  *Id*.  If "events occur during the pendency of a litigation which render the court unable to grant the requested relief," the case becomes moot, and the court loses jurisdiction to entertain it.  *Abela v. Martin*, 309 F.3d 338, 343 (6th Cir. 2002) (internal citations and quotation marks omitted).  *See also Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) ("A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III — when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.") (internal quotation marks and citation omitted).

In his reply, Sinkfield does not dispute that he has now been awarded all of the sentence credit that he sought in his § 2241 petition.  [R. 12]  However, he claims that his § 2241 petition is not moot because his petition also requests reimbursement of the $5.00 filing fee and for the government to pay him "$400.00 attorney fee (i.e., Labor Cost; Mail fees and cost for litigation)."  [R. 1 at p. 11]  Sinkfield further claims that "[t]he government knew it knowingly and intentionally violated 18 U.S.C. § 3584(c); PS 5880.28; and the 5th Amendment due process clause" by "refusing" to correct Sinkfield's federal sentence computation and denying his prior

administrative remedy requests seeking the relief that he sought in his § 2241 petition.  [R. 12 at p. 8]  Thus, Sinkfield requests that the Court grant his petition and award him $405.00.

However, Sinkfield does not provide the Court with any grounds to, in essence, award him costs and/or monetary damages.  To the contrary, "the heart of habeas corpus" is release from confinement, not monetary damages.  *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973)).  Thus, monetary relief is not appropriate in this case.  *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus.  In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").  *See also Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (where "petitioner seeks not immediate or speedier release, but monetary damages," he could not seek and obtain "fully effective relief through federal habeas corpus proceedings.") (quoting *Preiser*, 411 U.S. at 488)).  Nor may Sinkfield, who is proceeding *pro se*, recover attorney's fees (or his "labor costs").  *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991) ("…a *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees.") (emphasis in original).

For these reasons, the "heart" of Sinkfield's § 2241 petition is a challenge to the length of his confinement, specifically the BOP's calculation of his sentence.  As Sinkfield has now received the sentence credits that he sought in his § 2241 petition, there are no grounds for this Court to grant habeas relief.  As there is no longer a case or controversy for this Court to decide, Respondent is correct that Sinkfield's § 2241 petition is now moot.  Therefore, the Court will deny Sinkfield's petition as moot.  *Pettrey v. Enterprise Title Agency, Inc*., 584 F.3d 701, 703 (6th Cir. 2009).

6

Accordingly, **IT IS ORDERED** that:

1.      Sinkfield's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241

        **[R. 1]** is **DENIED AS MOOT**.

2.      The Court will enter an appropriate judgment.

3.      This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

This 11th day of July, 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

7